UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN ANTHONY POPLAR,<br><br>    Plaintiff,<br><br>    v.<br><br>IDAHO STATE POLICE,<br><br>    Defendant. | Case No. 4:23-cv-00156-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Kevin Anthony Poplar's Complaint (Dkt. 2) and In Forma Pauperis Application (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Poplar's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Poplar's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court grants Poplar's application to proceed in forma pauperis and allows him to pay a partial filing fee; however, in light of the Court's review of Poplar's Complaint, the Court must also dismiss this case and allow Poplar an opportunity to amend his Complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Poplar's In Forma Pauperis Application. Poplar's attached affidavit is sufficiently particular, specifying income, sources of income, cash on hands, assets, expenses, and a dependent. (Dkt. 1). Notably, however, Poplar failed to include the value of his assets. (*Id.* at 3). Nevertheless, at the time Poplar completed the affidavit, he expected household income for the following month to be $1700. (*Id.* at 2). Poplar also indicated household income had been $2700 for the each of the last twelve months. (*Id.*) The change in household income corresponds with a change in Poplar's self-employment income, which he reported as reduced to $500 from $1500 per month. (*Id.*).

Poplar indicated household monthly expenses total $1897, which includes $100 for clothes, $100 for laundry and dry-cleaning, and $200 for home repair and upkeep. (*Id.* at 4). In prior months, Poplar's household income exceeded household expenses, but given Poplar's expected income reduction, his income now falls approximately one hundred dollars short of the necessary

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

amount to meet expenses. (*Id.* at 2, 4). Poplar's affidavit indicates he and his spouse do have cash on hand sufficient to make up the difference for at least three months. (*Id.* at 3).

Accordingly, the Court finds Poplar is unable to pay the entire $402 filing fee in this case but can pay a partial filing fee. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (observing courts have discretion to impose partial filing fees under in forma pauperis statute). Given Poplar's financial situation, the Court requires Poplar to pay a $50 filing fee, representing ten percent of Poplar's expected, monthly self-employment income. *See id.* (noting that "[r]equiring the payment of fees according to a plaintiff's ability to pay serves the in forma pauperis statute's goal of granting equal access to the courts" while also "defraying some of the judicial costs of litigation").

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs

should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Poplar has named "IDAHO STATE POLICE / Trooper Miguel Rivera" as the defendant. (Dkt. 2 at 2). Poplar alleges that, on or around December 2022, he was unlawfully detained by Rivera; Rivera used excessive force to detain Poplar; Rivera unlawfully searched Poplar; and Rivera assaulted Poplar. (Dkt. 2 at 5). Poplar brings his claims under 42 U.S.C. § 1983 in alleging his Fourth Amendment rights were violated. Poplar has not stated a claim upon which relief may be granted. The Court will, however, grant Poplar sixty (60) days to amend the Complaint to remedy the following deficiencies.

To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff cannot simply restate standards of law in a complaint. Likewise, a plaintiff must provide more than conclusory statements that a defendant harmed the plaintiff. *Iqbal*, 556 U.S. at 678. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and the plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Id.* at 679. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Here, Poplar's Complaint is made up of conclusory statements, fails to plead the relevant legal standards for each claim, and does not include alleged facts in support of each claim. For example, Poplar does not offer any detail about Rivera's alleged unlawul detention, restraint, or search of Poplar. Likewise, if Poplar does intend to name Idaho State Police as a defendant separate from Rivera, the Complaint is unclear as to what involvement Idaho State Police had in Rivera's

alleged unlawful conduct. Accordingly, if Poplar chooses to amend his Complaint, Poplar must state specific, plausible legal claims. Poplar must also detail the factual background giving rise to each individual claim.

## IV. CONCLUSION

While Poplar appears to have limited financial resources, he does have sufficient funds to pay a partial filing fee. Additionally, upon review, the Court finds Poplar has not stated any plausible claims for relief and must amend his Complaint.

## V. ORDER

**IT IS ORDERED that:**

1. Poplar's In Forma Pauperis Application (Dkt. 1) is **GRANTED**. Poplar is not required to pay the entire filing fee, but Poplar is required to pay a $50 filing fee.

2. Poplar's Complaint (Dkt. 2) fails to state a claim upon which relief may be granted. The Complaint is therefore **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Poplar leave to file an Amended Complaint in substantial compliance with the Court's analysis above. **Poplar must file his Amended Complaint within sixty (60) days of the issuance of this Order**.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: July 06, 2023

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge